Case 4:15-cv-02464   Document 23   Filed in TXSD on 11/17/15   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 17, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MARC THOMSON, et al., §
 §
          Plaintiff, §
 §
VS. § Civ. A. H-15-2464
 §
CAPSTONE LOGISTICS, LLC and §
LMS INTELLIBOUND, LLC, §
 §
          Defendants. §

## OPINION AND ORDER

Pending before the Court in the above referenced cause seeking unpaid minimum wages and overtime wages under the Fair Labor Standards Act is Defendants Capstone Logistics, LLC and LMS Intellibound, LLC's motion for more definite statement (instrument #17) on the ground that Plaintiffs' First Amended Complaint (#9) is too vague and ambiguous for Defendants to prepare a response.

Plaintiffs perform manual labor unloading pallets of groceries from trucks owned by Defendants' clients, for which they are paid on a piece rate or production basis, i.e., based on the number and weight of the trucks they unload.[1] In their First Amended Complaint they claim that Defendants failed to accurately pay Plaintiffs for their work on an hourly basis. Among specific claims, Plaintiffs allege that Defendants under-reported the number of hours Plaintiffs actually worked each week in subtracting time for meal breaks even though Plaintiffs worked

---

[1] The Court notes that when workers are paid by "piece rate," as opposed to the more common 40-hour week, their "regular rate" is determined by dividing the total compensations earned during a work week by the total hours worked. 29 U.S.C. § 207(g)(1). For each hour of overtime piece work hey are paid an additional one half of their hourly rate. 29 C.F.R. § 778.111.

-1-

through them, failing to count the time Plaintiffs were on duty waiting to unload trucks or perform other tasks for Defendants, and consistently clocking out the unloaders before they finished working.

Rule 12(e) states, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous and the party cannot reasonably prepare a response." Such motions are not favored and are granted sparingly. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Conceal City, LLC v. Looper Law Enforcement, LLC*, 917 F. Supp. 2d 611, 621 (N.D. Tex. 2013). The motion must be made prior to filing a responsive pleading and "must point out the defects complained of and the details desired." Rule 12(e). A court should only grant a motion for more definite statement when the complaint is "so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Phillips v. ABB Combustion Eng'g, Inc.*, Civ. A. No. 13-594, 2012 WL 3155224, at *2 (E.D. La. June 19, 2013). A motion for more definite statement should not be used as a substitute for discovery; it should be used as a remedy for unintelligible pleading, not for correcting a lack of detail. *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001). The court has considerable discretion in deciding whether to grant such a motion. *Ditcharo v. United Parcel Service, Inc.*, 376 Fed. Appx. 432, 440 n.9 (5th Cir. 2010), *citing Old Time Enterprises, Inc. v. International Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989).

After reviewing the Amended Complaint and the briefs, the Court agrees with Plaintiffs that they have adequately pleaded their claims.  Accordingly, the Court

ORDERS that the motion for more definite statement (#17) is DENIED.

**SIGNED** at Houston, Texas, this  17th  day of  November , 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE