United States District Court
Southern District of Texas
**ENTERED**
August 31, 2016
David J. Bradley, Clerk

```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF TEXAS
            HOUSTON DIVISION
MARC THOMPSON, et al.,        §
                              §
       Plaintiffs,            §
                              §
VS.                           §    Civ. A. H-15-2464
                              §
CAPSTONE LOGISTICS, L.L.C., et §
al.,                          §
                              §
       Defendants.            §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced putative collective action to recover unpaid overtime under 29 U.S.C. §207 at one and one half times their regular rate of pay and minimum wages under 29 U.S.C. § 206 of the Fair Labor Standards Act ("FLSA"), are (1) Defendants Capstone Logistics, L.L.C. and LMS Intellibound, L.L.C.'s motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to strike damages allegations (instrument #26) under Rule 12(f) because Plaintiffs seek a remedy that, based on the Complaint's allegations, they cannot recover under the law; (2) Plaintiffs Marc Thompson, Brandon White, Jeffrey Grubbs, Desmond Pollard, DeVon Barnes, Byron Collins, Robert Ross, Immanuel Edens, Alex Davis, Cory Wells, Damien Mathis, and Charles Fortune's motion for leave to file second amended complaint (#34) to add Darius Portis and Johnny Ross as new plaintiffs; and (3) Plaintiffs' motion to file third amended complaint and jury demand (#43) to add Lawrence James, Ray Jarmon, and Brandon Norman as new plaintiffs.

**I. Defendants' Motion to Dismiss or to Strike (#26)**

**A. Parties' Arguments**

Defendants contend that Plaintiffs seek a remedy that they are not entitled to under the law and therefore Count I

(violation of 29 U.S.C. § for overtime compensation) of the governing pleading, the First Amended Complaint (#10), should be dismissed for failure to state a claim upon which relief may be granted under Rule 12(b)(6) or, alternatively, its damages allegations should be stricken under Rule 12(f).

Plaintiffs allege that they are employees of Defendants who work as non exempt "unloaders," manually unloading trucks of Defendants' clients. #10, ¶¶ 32-33. For that work they are paid on a commission basis, also known in the industry as "production pay," determined by the number and weight of the trucks unloaded, or as the "piece rate" method of compensation.[1] *Id.* ¶ 34. They claim that they typically worked more than forty hours in a workweek and "were not compensated at a statutory minimum rate of one and one-half times their regular rate of pay." *Id.* ¶¶ 35, 41. Furthermore they charge that Defendants "did not accurately track and pay the Plaintiffs for this work on an hourly basis." *Id.* at ¶ 36. For those hours Defendants did track, Defendants failed to include time when Plaintiffs were on duty waiting to unload trucks or perform other jobs for their employers even though Plaintiffs had to remain on Defendants' premises or close enough so that they were quickly available. *Id.* ¶¶ 37-38. Plaintiffs were also not paid for the hours they worked through what should have been their lunch period. *Id.* ¶ 39.

---

[1] See U.S. Dep't of Labor, FLSA Section 14() Advisor, http://webapps.dol.gov/elaws/whd/flsa/14c/18e.htm ("A piece rate is the amount of money paid per task performed."). #27, at p.2.

In their motion to dismiss or to strike, Defendants argue that they paid Plaintiffs' wages on a production, or piece rate, basis and that Plaintiffs' complaint admits this fact. Therefore, to the extent Plaintiffs are entitled to any overtime pay, Defendants insist that Plaintiffs are entitled only to a one half-time overtime premium for those hours that they worked over forty per week.  29 C.F.R. § 778.111.

Defendants further highlight that instead of answering Plaintiffs' Original or First Amended Complaint, on October 25, 2015 they filed a timely Motion for More Definite Statement (#17) in which they argued that Plaintiffs' First Amended Complaint (1) failed to state whether they are claiming that Defendants' production pay model was unlawful and (2) failed to identify the remedy they seek, i.e., a one and one half-time overtime premium or a half-time premium for alleged unrecorded hours worked over 50 hours in a workweek.  Supporting memorandum, #18 at 2, 5-7.  In that memorandum (#18 at 6-7), Defendants pointed out that if Plaintiffs sought the former remedy, Defendants would have to file a motion to dismiss or strike, not a motion for more definite statement.  In their response (#19 at p. 7), Plaintiffs clarified that they are seeking one and one half-times their regular rate of pay as damages for the alleged unpaid overtime.

On November 17, 2015, the Court denied the Rule 12(e) motion for more definite statement, but noted the correct rate: "when workers are paid by 'piece rate' . . . [f]or each hour of overtime piece work [t]hey are paid an additional one half of

their hourly rate." #23, at p.1, n. 1, citing 29 C.F.R. § 778.111.

Defendants observe that the question of damages, including the overtime premium to which a worker is entitled under the FLSA, is a question of law.[2] They further maintain that a court may properly dismiss claims where Plaintiffs ask for damages that are not available as a matter of law, as is the case here. *Bennett v. Litton*, Civ. A. No. 07-0616, 2008 WL 489319, at *1 (W.D. La. Feb. 20, 2008)(dismissing claim for punitive damages where such damages are not available). Under 29 C.F.R. § 778.111,[3] the regular rate of employees paid the production or

---

[2] *See Black v. SettlePou, PC*, 732 F.3d 492, 496 (5th Cir. 2013)("In a misclassification case, once the fact finder has established that the employee is due unpaid overtime, the proper determination of the regular rate of pay and overtime premium to which an employee is entitled is a question of law.").

[3] 29 C.F.R. § 778.111 provides,

> (a) Piece rates and supplements generally. When an employee is employed on a piece-rate basis, the regular hourly rate of pay is computed by adding together total earnings for the workweek from piece rates and all other sources (such as production bonuses) and any sums paid for waiting time or other hours worked (except statutory exclusions). This sum is then divided by the number of hours worked in the week for which such compensation was paid, to yield the pieceworker's "regular rate" for that week. For overtime work the pieceworker is entitled to be paid, in addition to the total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week. (For an alternative method of complying with the overtime requirements of the Act as far as pieceworkers are concerned, see § 778.418.) Only additional half-time pay is

piece rate pay is equal to the employee's earnings for the week divided by the total number of hours that the employee worked, and his hourly overtime premium rate is equal to one-half of the

---

> required in such cases where the employee has already received straight-time compensation at piece rates or by supplementary payments for all hours worked. Thus, for example, if the employee has worked 50 hours and has earned $491 at piece rates for 46 hours of productive work and in addition has been compensated at $8.00 per hour for 4 hours of waiting time, the total compensation, $523.00, must be divided by the total hours of work, 50, to arrive at the regular hourly rate of pay--$10.46. For the 10 hours of overtime the employee is entitled to additional compensation of $52.30 (10 hours at $5.23). For the week's work the employee is thus entitled to a total of $575.30 (which is equivalent to 40 hours at $10.46 plus 10 overtime hours at $15.69).
>
> (b) Piece rates with minimum hourly guarantee. In some cases an employee is hired on a piece-rate basis coupled with a minimum hourly guaranty. Where the total piece-rate earnings for the workweek fall short of the amount that would be earned for the total hours of work at the guaranteed rate, the employee is paid the difference. In such weeks the employee is in fact paid at an hourly rate and the minimum hourly guaranty is the regular rate in that week. In the example just given, if the employee was guaranteed $11 an hour for productive working time, the employee would be paid $506 (46 hours at $11) for the 46 hours of productive work (instead of the $491 earned at piece rates). In a week in which no waiting time was involved, the employee would be owed an additional $5.50 (half time) for each of the 6 overtime hours worked, to bring the total compensation up to $539 (46 hours at $11 plus 6 hours at $4.40 or 40 hours at $11 plus 6 hours at $16.50). If the employee is paid at a different rate for waiting time, the regular rate is the weighted average of the 2 hourly rates, as discussed in § 778.115.

employer's regular rate of pay. Plaintiffs' claim that they should be paid one and one-half times their regular rate of pay of alleged overtime hours fails as a matter of law and should be dismissed. *See, e.g., Gunter v. Rudder Capital Corp.*, No. 09-CV-3016, 2010 WL 4121859, at *1 (D. Minn. Oct. 14, 2010); *Adami v. Cardo Windows, Inc.*, Civ. A. No. 12-cv-2804, 2015 WL 1471844, at *1, 7, 11 (D.N.J. Mar. 31, 2015).

**B. Plaintiffs' Response (#30)**

Plaintiffs contend that because Defendants previously filed their Rule 12(e) motion for more definite statement, their two new pre-answer motions to dismiss under Rule 12(b)(6) and to strike under Rule 12(f), which simply rehash the arguments about the applicable method for calculating damages that they previously raised in their Rule 12(e) motion, are barred by Rule 12(g)(2). Defendants' new motions to dismiss and to strike are untimely because these defenses were available to Defendants but omitted from their earlier Rule 12 motion for more definite statement.

**C. Standards of Review**

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller,

*Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* . . . require[s] that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing Twombly*, 127 S. Ct. at 1974). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570. The Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

Federal Rule of Civil Procedure 12(f) states, "The court may strike from a pleading an insufficient defense of any redundant, immaterial, impertinent or scandalous matter." "'[I]t is well established that the action of striking a pleading should be sparingly used by courts. It is a drastic remedy to be

resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953)(citations omitted)(*cited by Augustus v. Bd. of Pub. Instruction of Excambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)("[W]hen there is no showing of prejudicial harm to the moving party, courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike."). *See also Chicca v. St. Luke's Episcopal Health System*, Civ. A. No. H-10-2990, 2012 WL 651776, at *1 (S.D. Tex. Feb. 27, 2012)(If the motion addresses a disputed question of fact, the court should deny the motion to strike; if it addresses a question of law, a motion to strike should be denied unless the movant shows "prejudicial harm."). A motion to strike is "disfavored and infrequently granted" also "because it often is sought by the movant simply as a dilatory or harassing tactic." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2004). The court has discretion whether to grant or deny a motion to strike. *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

Federal Rule of Civil Procedure 12(g)(2) provides, "Except as provided in Rule 12(h)(2) or (3),[4] a party that makes a motion under this rule must not make another motion under this

---

[4] Rule 12(h)(3) excepts from Rule 12(h)(2)'s limitation a motion for lack of subject matter jurisdiction, which may be raised at any time. Such a motion has not been asserted in this action.

rule [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier [Rule 12] motion." "The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading." *Stoffels ex. rel. SBC Concession Plan v. SBC Communications, Inc.*, 430 F. Supp. 2d 642, 647-48 (W.D. Tex. 2006), *citing* 5C Wright & Miller, *Federal Practice & Procedure* § 1388 (3d ed. updated April 2016)("Rule 12(g) is written in broad terms and requires consolidation of Rule 12 defenses and objections whenever a party makes a motion under" it.).[5] "Therefore, a litigant moving . . . for a more definite statement should be barred from making a second preliminary ["pre-answer"] motion based on any Rule 12 defense that he reasonably was capable of asserting with the initial motion." 5C Wright & Miller, *Federal Practice & Procedure* § 1388 (3d ed. Apr. 2016 Update) *citing Broomfield v. Doolitle*, 2 F.R.D. 517 (D.C.N.Y. 1942)("in which the defendant first moved under Rules 12(e) and 12(f) and the motion was denied.  Subsequently, the defendant filed a motion to dismiss for failure to state a claim.  The district court held that the Rule 12(b)(6) defense should have been consolidated with the first motion.").

---

[5] A party is permitted to file a motion "based on a defense of which he or she did not have reasonable notice at the time that party first filed a motion to dismiss or on a defense that became available only after a motion had been made under Rule 12."   5C Wright & Miller, *Federal Practice & Procedure* § 1388.

Rule 12(h)(2) provides exceptions to Rule 12(g)(2)'s limitations. A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted, or a motion to join a person required under Rule 19(b), or a motion to state a legal defense to a claim "may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by motion under Rule 12(c); or (C) at trial." Therefore while preserving these defenses, Rule 12(h), by simultaneously barring successive Rule 12 motions, restricts when during the litigation a party may raise them to pleadings allowed under Rule 7(a), to motions for judgment on the pleadings under Rule 12(c), or to trial. *Stoffels*, 430 F. Supp. 2d at 647.

Wright and Miller, in 5 *Federal Practice & Procedure* § 1388, *citing Grier v. Tri-State Transit Co.*, 36 F. Supp. 26, 28 (W.D. La. 1940), concede,

> In an appropriate case, the district court may exercise its discretion and permit a pre-answer second Rule 12 motion even when the defendant's initial motion for a more definite statement or to strike is denied. After all, the denial of the motion does not mean that the motion was not reasonably made, or lacked any basis, or that the defendant did not legitimately believe it could not respond to the complaint. But this does not mean that the defendant has the right to present by preliminary motion any Rule 12 defense or objection that he should have had notice of from the content of the original complaint. Of course, little would be gained by preventing a defense under Rules 12(b)(1), 12(b)(6), or 12(b)(7), or a challenge to an insufficient defense from being asserted by motion following a Rule 12(e) or 12(b)(7), inasmuch as they are expressly preserved by Rule 12(h) and may be presented at a later time.

*See also Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodaux, Inc.*, 922 F. Supp. 2d 567, 576, 579 n.1 (E.D. La. 2013)("Although John Deere's second Rule 12(b)(6) motion raises new and old entitlements for relief, any error is harmless where, as here, these additional defenses could have been raised in a Rule 12(c) motion for judgment on the pleadings, which is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6)); *Cannon v. Sixth Dist. Pub. Defender Office*, No. 09-2164, 2010 WL 5855912, *3 (W.D. La. Oct. 26, 2010)(holding that the defendant did not waive his new defenses by failing to include them in his original Rule 12(b)(6) motion to dismiss because the arguments could have been raised in a Rule 12(c) motion, which is evaluated under the same standard as a Rule 12(b)(6) motion), *adopting report and recommendation*, 2011 WL 918736 (W.D. La. Feb. 26, 2011); *Maryland Cas. Co. v. Shreejee Ni Pedhi's, Inc.*, No. 3:12-cb-121-J-34MCR, 2012 WL 4009605, at *3 & n.2 (M.D. Fla. June 27, 2012)(striking second motion to dismiss as improper under Rule 12(g), but permitting plaintiff to pursue similar relief through other mechanisms such as a Rule 12(c) motion for judgment on the pleadings after it files its answer.), *report and recommendation adopted*, 2012 WL 4009594 (M.D. Fla. Sept. 12, 2012).

D.  **Court's Ruling**

In its Opinion and Order (#23) denying Defendants' motion for more definite statement, the Court wrote,

> A court should only grant a motion for more definite statement when the complaint is "so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer

> it." *Phillips v. ABB Combustion Eng'g, Inc.*, Civ. A. No. 13-594, 2012 WL 3155224, at *2 (E.D. La. June 19, 2013). A motion for more definite statement should not be used as a substitute for discovery; it should be used as a remedy for unintelligible pleading, not for correcting a lack of detail. *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001). The court has considerable discretion in deciding whether to grant such a motion. *Ditcharo v. United Parcel Service, Inc.*, 376 Fed. Appx. 432, 440 n.9 (5th Cir. 2010), *citing Old Time Enterprises, Inc. v. International Coffee Corp.*, 862 F.2d 1213, 1217 (5th Cir. 1989).

The Court did not find that the complaint was "so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." The Court thought that given the facts pleaded by Plaintiffs, Defendants could file an answer and pursue any questions they had through discovery. Moreover, the Court pointed out the correct rate calculation for workers doing piece work like Plaintiffs in a footnote on the first page as a matter of law: "The Court notes that when workers are paid by 'piece rate, as opposed to the more common 40-hour week, their 'regular rate' is determined by dividing the total compensations earned during a work week by the total hours worked. 29 U.S.C. § 207(g)(1). For each hour of overtime piece work they are paid an additional one half of their hourly rate. 29 C.F.R. § 778.111."

Nor does the First Amended Complaint reach the point of excess required to grant the drastic remedy of a Rule 12(f) motion to strike. The pleading is clearly related to the controversy over wages. *See United States v. Cushman & Wakefield, Inc.*, 275

F. Supp. 2d 763, 768 (N.D. 2002)(for a Rule 12(f) motion to succeed, "the movant must show what the allegations being challenged are so unrelated to plaintiff's claims at to be unworthy of any consideration"). There is no showing of prejudicial harm to Defendants in denying the motion. *Auto Wax Co. v. Mothers Polishes Waxes Cleaners, Inc.*, No. Civ. A. 301CV1940G, 2002 WL 368526, n.1 (N.D. Tex. Mar. 5, 2002) ("Conclusory statements about unfair prejudice . . . are not enough to justify its motion to strike; a stronger showing is required under Fed. R. Civ. P. 12(f).").

The Court agrees that the technical requirements of Rule 12(g) clearly bar Defendants' subsequently filed Rule 12(b)(6) and 12(f) motions here. As the court stated in an influential case, *Chen v. Cayman Arts, Inc.*. No. 10-80236-CIV, 2011 WL 1085646, *2 (S.D. Fla. Mar. 21, 2011), "When the Federal Rules govern, it is neither up to the parties nor up to this Court to determine what makes the best procedural sense. Rather this Court will follow the Federal Rules and strike the Third-Party Defendants' Second Motion to Dismiss as improper under Rule 12(g)." The *Chen* court further opined, *id.*, "Under the plain language of Rule 12(g), the limitation on further motions applies to 'a motion under this rule,'" and as motions to strike fall under Rule 12, they are barred by Rule 12(g). Moreover, as the Court has indicated, there is no showing of prejudicial harm to Defendants because after Defendants have filed their answer, they can raise the same issues in a Rule 12(c) motion for judgment on the pleadings, a Rule 56(c) motion for summary judgment, or at trial. *See, e.g., Cannon v.*

*Sixth Dist. Pub. Defender Office*, 09-2164, 2010 WL 5855912, *3 (W.D. La. Oct. 26, 2010)(holding that defendant did not waive his new defenses by failing to include them in his original Rule 12(b)(6) motion to dismiss, because the arguments could be raised in a Rule 12(c) motion).

For these reasons, the Court denies Defendants' motion to dismiss or to strike.

### Plaintiffs' Motions for Leave to Amend

A. Standard of Review

Federal Rule of Civil Procedure 15(a) provides in relevant part,

> (1) **Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within:
>
>> (A) 21 days after serving it, or
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) **Other Amendments**. In all other cases a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

A court has discretion in deciding whether to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 181 (1962). Since the language of Federal Rule of Civil Procedure 15(a) "'evinces a bias in favor of granting leave to amend," the court must find a "substantial reason" to deny such a request. *Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, Civ. A. No. H-05-4389, 2006 WL 2521411, *3 (S.D. Tex. Aug. 29, 2006), *quoting*

*Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004), and *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Factors for the court to consider in determining whether there is a substantial reason to deny a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The court should deny leave to amend if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Proc.* § 1487 (2d ed. 1990).

B.  Substance of the Motions

Plaintiffs' motion for leave to file second amended complaint (#34) seeks to add Darius Portis ("Portis") and Johnny Ross ("Ross") as new plaintiffs, and Plaintiffs' motion to file third amended complaint (#43) seeks to add Lawrence James ("James"), Ray Jarmon ("Jarmon"), and Brandon Norman ("Norman") as plaintiffs, in addition to Portis and Ross, as new plaintiffs. In essence the latter motion supersedes the earlier.

Defendants object that before Plaintiffs filed the instant motions, Darius Portis and Ray Jarmon consented to join a separate and currently pending collective action in Tennessee against the same Defendants seeking the same unpaid wages under the FLSA, the same relief sought here. *Michael Kutzback, et al. v. LMS Intellibound, LLC, et al.*, Case No. 2:13-cv-02767-JTF-cgc,

pending in the Western District of Tennessee, Memphis Division (the "*Kutzback* Action").[6]  A district court has the authority to dismiss a claim that is duplicative of an earlier claim filed by the same plaintiff.  *Friends of Earth v. Crown Central Petroleum Corp.*, 95 F.3d 358, 362 (5th Cir. 1996).  Allowing redundant claims to go forward would be a misuse of judicial resources and might result in a double recovery for Jarmon and Portis.  Plaintiffs ask the Court to deny leave as to these two potential Plaintiffs, at least until Jarmon and Portis withdraw their consent in the *Kutzback* Action.  The Court agrees with Defendants.

**ORDER**

Accordingly, for the reasons stated in this Opinion and Order, the Court

ORDERS that Defendants' motion to dismiss or to strike is DENIED.

The Court further

ORDERS that Plaintiffs' motions for leave to amend are DENIED without prejudice to being reurged as to Jarmon and Portis if and after they withdraw from the Tennessee case, but GRANTED as to Ross, James, and Norman.

**SIGNED** at Houston, Texas, this  31st  day of  August , 2016.

_____
MELINDA HARMON

---

[6] This Court observes that a national *Kutzback* class has been conditionally certified.  *Kutzback v. LMS Intellibound, LLC and Capstone Logistics, LLC.*, No. 2:13cv2767-JTF-cgc, 2014 WL 71870006, (W.D. Tenn. Dec. 16, 2014), *report and recommendation adopted*, 2015 WL 1393414 (W.D. Tenn. Mar. 25, 2015).

```
                              UNITED STATES DISTRICT JUDGE
```