UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Marc Thompson, et al., | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-cv-02464 |
| | § | |
| Capstone Logistics, LLC, et al., | § | |
| *Defendants*. | § | |

## **PLAINTIFFS' SECOND AMENDED COMPLAINT AND JURY DEMAND**

Plaintiffs Marc Thompson, Brandon White, Jeffery Grubbs, Desmond Pollard, DeVon Barnes, Byron Collins, Robert Ross, Immanuel Edens, Alex Davis, Corey Wells, Darrian Everette, Damien Mathis, Charles Fortune, Johnny Ross, Lawrence James, and Brandon Norman (each individually a "Plaintiff" and collectively, "Plaintiffs") bring this Fair Labor Standards Act (FLSA) suit against Capstone Logistics, LLC (Capstone), a foreign limited liability company, and LMS Intellibound LLC (LMS Intellibound), a foreign limited liability company, (Capstone and LMS each a "Defendant" and collectively the "Defendants") and show as follows:

### PARTIES

**Plaintiffs**

1. Plaintiff Marc Thompson is an individual residing in Harris County, Texas. He filed his consent to be a party to this action on August 25, 2015. *See* ECF No. 2-1. Defendants have employed Mr. Thompson since on or around December 11, 2013.

2. Plaintiff Brandon White is an individual residing in Brazoria County, Texas. He filed his consent to be a party to this action on August 25, 2015. *See* ECF No. 2-2.

Defendants have employed Mr. White since on or around September 4, 2007.

3.     Plaintiff Jeffery Grubbs is an individual residing in Brazoria County, Texas. He filed his consent to be a party to this action on August 25, 2015. *See* ECF No. 2-3. Defendants have employed Mr. Grubbs since on or around August 14, 2011.

4.     Plaintiff Desmond Pollard is an individual residing in Fort Bend County, Texas. He filed his consent to be a party to this action on August 25, 2015. *See* ECF No. 2-4. Defendants employed Mr. Pollard from on or around January 27, 2006 through on or around February 6, 2015.

5.     Plaintiff DeVon Barnes is an individual residing in Harris County, Texas. He filed his consent to be a party to this action on August 25, 2015. *See* ECF No. 2-5. Defendants employed Mr. Barnes from June 1, 2013 through late December of 2013, and again from April of 2014 through December 16, 2014.

6.     Plaintiff Byron Collins is an individual residing in Harris County, Texas. He filed his consent to be a party to this action on August 25, 2015. *See* ECF No. 2-6. Defendants employed Mr. Collins from on or around November 11, 2013 through on or around July 13, 2015.

7.     Plaintiff Robert Ross is an individual residing in Harris County, Texas. He filed his consent to be a party to this action on August 25, 2015. *See* ECF No. 2-7. Defendants have employed Mr. Ross since on or around February 3, 2014.

8.     Plaintiff Immanuel Edens is an individual residing in Harris County, Texas. He filed his consent to be a party to this action on August 25, 2015. *See* ECF No. 2-8.

Defendants have employed Mr. Edens since on or around December 15, 2014.

9. Plaintiff Alex Davis is an individual residing in Harris County, Texas. He filed his consent to be a party to this action on August 25, 2015. *See* ECF No. 2-9. Defendants have employed Mr. Davis since on or around November 19, 2013.

10. Plaintiff Corey Wells is an individual residing in Brazoria County, Texas. He filed his consent to be a party to this action on August 25, 2015. *See* ECF No. 2-10. Defendants have employed Mr. Wells since on or around June 13, 2013.

11. Plaintiff Darrian Everette is an individual residing in Harris County, Texas. He filed his consent to be a party to this action on August 25, 2015. *See* ECF No. 2-11. Defendants employed Mr. Everette from on or around February 8, 2015 through on or around June 17, 2015.

12. Plaintiff Damien Mathis is an individual residing in Harris County, Texas. He filed his consent to be a party to this action on September 28, 2015. *See* ECF No. 9-1. Defendants employed Mr. Mathis from on or around November 12, 2014 through on or around May 19, 2015, and again from on or around August 24, 2015 through the present.

13. Plaintiff Charles Fortune is an individual residing in Harris County, Texas. He filed his consent to be a party to this action on September 28, 2015. *See* ECF No. 9-2. Defendants employed Mr. Fortune from on or around September 2, 2014 through on or around August 27, 2015, and again from on or around September 27, 2015 through the present.

14. Plaintiff Johnny Ross is an individual residing in Harris County, Texas. He filed

his consent to be a party to this action on January 15, 2016. *See* ECF No. 34-3. Defendants employed Mr. Ross from on or around May 1, 2014 to on or around July 1, 2014.

15.     Plaintiff Lawrence James is an individual residing in Tarrant County, Texas. He filed his consent to be a party to this action on March 29, 2016. He filed his consent to be a party to this action on March 29, 2016. *See* ECF No. 43-2. Defendants employed Mr. James from on or around October 26, 2012 to on or around January 15, 2015.

16.     Plaintiff Brandon Norman is an individual residing in Harris County, Texas. He filed his consent to be a party to this action on March 29, 2016. He filed his consent to be a party to this action on March 29, 2016. *See* ECF No. 43-4. Defendants employed Mr. Norman from on or around October 1, 2014 to on our around October 15, 2014.

17.     Within the period of time material hereto, each Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

18.     Within the period of time material hereto, each Plaintiff was "engaged in commerce" within the meaning of 29 U.S.C. §§ 206 and 207 by virtue of the fact that they each regularly and customarily received/unloaded interstate shipments on behalf of Defendants and Defendants' clients as part of their employment with Defendants, throughout the period of their employment.

19.     Within the period of time material hereto, each Plaintiff was "employees" of Defendants within the meaning of the FLSA.

20.     Within the period of time material hereto, Plaintiffs were "engaged in commerce"

and subject to individual coverage of the FLSA.

21. Within the period of time material hereto, Plaintiffs were engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

22. Within the period of time material hereto, each Plaintiff performed work for Defendants' business that was directly essential to Defendants' business.

**Defendants**

23. Defendant Capstone is a foreign limited liability company, whose corporate headquarters is located at 6525 The Corners Pkwy., Suite 520, Norcross, GA 30092. Capstone can be served by serving its registered agent, Jason Porter, at 17214 Pentland Court, Richmond, Texas 77407-1726.

24. Defendant LMS is a Georgia limited liability company whose corporate headquarters is located at 6525 The Corners Pkwy., Suite 520, Norcross, Georgia 30092. LMS can be served by serving its registered agent, National Corporate Research, Ltd., 800 Brazos, Suite 400, Austin, Texas 78701.

25. At all times material hereto, each Defendant was an "employer" of Plaintiffs within the meaning of the FLSA.

26. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA by virtue of the nature of their business (receiving/unloading interstate shipments of goods and materials) and their simultaneous operation within multiple states.

27. At all times material hereto, Defendants were, and continue to be, an enterprise

engaged in in the "production of goods for commerce" within the meaning of the FLSA.

28. Based upon information and belief, the annual gross revenue of Defendants was, and continues to be, in excess of $500,000 per annum for all relevant time periods.

29. At all times material hereto, Defendants had more than two employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce. Specifically, Defendants had employees who regularly handled and unloaded items including produce, canned goods, dog food, baked goods, garden tools, household products, and cleaning products that had previously travelled through interstate commerce.

## JURISDICTION & VENUE

30. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

31. Venue of this action is proper in this District because the events giving rise to the causes of action alleged herein occurred in this District and Defendants maintain one or more offices in this district. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

32. Defendants carry on substantial business in the Southern District of Texas and have sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

## FACTUAL ALLEGATIONS

33. Defendants are third-party warehouse servicers that provide a full range of logistical services to companies in warehouse, distribution, and manufacturing industries.

34.     Defendants operate approximately 240 locations across the nation. At all times material hereto, Defendants were, and continue to be, a third-party warehouse logistics provider, primarily engaged in providing freight handlers, receiving clerks, and account managers for its clients' warehouse and/or trucking companies throughout the United States.

35.     Plaintiffs are employed as nonexempt "unloaders" or "lumpers" (hereinafter referred to as unloaders). The unloaders who Defendants employ perform manual labor by unloading trucks engaged in the distribution of goods and products.

36.     The unloaders' primary job duty is to receive and unload Defendants' clients' trucks, and break down pallets. This duty consists of manual labor.

37.     For the work Plaintiffs performed as unloaders, Plaintiffs have been paid on a commission basis (referred to in the industry as a "production pay"), determined by the number and weight of the trucks unloaded.

38.     During times relevant to the claims set forth herein, each Plaintiff worked in excess of forty (40) hours within a workweek for which they were not compensated at the statutory minimum rate of one and one-half times their regular rate of pay.

39.     Defendants did not accurately track and pay the Plaintiffs for this work on an hourly basis.

40.     To the extent Defendants tracked Plaintiffs' hours, Defendants improperly failed to count time that Plaintiffs were on duty waiting to unload trucks or perform other tasks for Defendants.

41. Plaintiffs, when not unloading or servicing a truck, were required to remain on Defendants' premises or so close thereto that Plaintiffs could not use the time effectively for their own purposes. The Plaintiffs were not compensated for this time.

42. Many times, Plaintiffs worked through lunch, but were not paid for the time they worked during what would have otherwise been their lunch period.

43. Thus, to the extent Defendants tracked hours and paid overtime, Defendants required Plaintiffs to work "off-the-clock" and did not compensate them for that time.

44. During their employment, Plaintiffs typically and routinely worked in excess of forty (40) hours per week for which they were not compensated at the statutory rate of one and one-half times their regular rate of pay.

45. Instead, Defendants systematically paid, and continue to pay, unloaders for substantially fewer hours than they actually worked.

46. Defendants designated certain unloaders as "team leads" and /or managers who systematically and consistently clocked-out unloaders for substantially fewer hours than they actually worked.

47. Defendants' managers received, and continue to receive, bonuses that are based in part on labor costs.

48. This off-the-clock work also resulted, and continues to result, in unloaders' wages falling beneath the statutory minimum wage in one or more workweeks.

49. At various material times throughout the duration of each Plaintiff's employment with Defendants as an unloader, Defendants failed to compensate them at a rate of one and

one-half times each Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek. Each Plaintiff should have been compensated at the rate of one and one-half

50.     At various material times throughout the duration of each Plaintiff's employment with Defendants as an unloader, Defendants have violated 29 U.S.C. §§ 206 and 207 in that

   a. Plaintiffs worked in excess of forty (40) hours per week during one or more weeks of employment;

   b. no payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiffs at the statutory rate of one and one-half times the regular rate for all those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

   c. Defendants failed to pay Plaintiffs at least minimum wage in one or more workweeks in violation of the FLSA; and

   d. Defendants have failed to maintain proper time records as mandated by the FLSA.

51.     Plaintiffs have retained The Law Firm of Nicholas Wagoner PLLC to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

## COUNT 1: VIOLATION OF 29 U.S.C. § 207
## OVERTIME COMPENSATION

52.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

53.     Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

54. During the relevant period, Defendants violated the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

55. At all times material hereto, Defendants failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

56. To date, Defendants continue to fail to pay Plaintiffs their FLSA mandated overtime pay.

57. Defendants' actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by their continued failure to compensate Plaintiffs at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours in a workweek when it knew, or should have known, such was, and is due.

58. Defendants have failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

59. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered, and continue to suffer, damages and lost compensation for time worked over forty (40) hours in a workweek, plus liquidated damages.

60. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant

to 29 U.S.C. § 216(b).

### COUNT 2: VIOLATION OF 29 U.S.C. § 206
### MINIMUM WAGE

61. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

62. Plaintiffs are entitled to be paid minimum wage for all weeks/hours worked during their employment with Defendants as unloaders.

63. Defendants failed to pay Plaintiffs minimum wage for each week they worked for Defendant.

64. Plaintiffs have demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate them for same. As a result of Defendants' actions in this regard, Plaintiffs have not been paid the minimum wage during one or more weeks of employment with Defendants.

65. Defendants had specific knowledge that they were paying sub-minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

66. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

### COUNT 3: DECLARATORY RELIEF

67. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

68. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act (DJA), codified at 28 U.S.C. §§ 2201–2202.

69. Plaintiffs may obtain declaratory relief.

70. Defendants employ/employed each Plaintiff to this suit.

71. Defendants are an enterprise.

72. Each Plaintiff is individually covered by the FLSA.

73. Each Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. § 207(a)(1).

74. Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. § 516.

75. Defendants cannot rely on a good-faith defense in their failure to abide by the provisions of the FLSA.

76. Each Plaintiff is entitled to an equal amount of liquidated damages.

77. It is in the public interest to have these declarations of rights recorded.

78. Each Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

79. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

## JURY DEMAND

80. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

81.     Wherefore, Plaintiffs respectfully request that the Court enter judgment in their favor against Defendants:

    a. awarding each Plaintiff minimum wage compensation in the amount due to them for workweeks worked as an unloader for which he was not compensated at a rate equivalent to the minimum wage;

    b. awarding each Plaintiff overtime compensation in the amount due to him for his time worked in excess of forty (40) hours per workweek while employed by Defendants as an unloader;

    c. awarding each Plaintiff liquidated damages in an amount equal to the minimum wage and/or overtime award;

    d. awarding each Plaintiff pre-judgment and/or post-judgment interest;

    e. declaring, pursuant to 29 U.S.C. §§ 2201 & 2202, that: (a) the acts and practices complained of herein violate the FLSA's overtime- and/or minimum-wage provisions; (b) Defendants failed to keep accurate time records as required by the FLSA; (c) Defendants have a legal duty under the FLSA to pay Plaintiff overtime and/or minimum wages; (d) Defendants failed to prove a good faith defense; and (e) each Plaintiff is entitled to overtime wages, minimum wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

    f. awarding costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

    g. ordering any and all further relief the Court deems just and proper.

        Respectfully submitted,

        WAGONER LAW FIRM

        */s/ Nick Wagoner*
        Nicholas J. Wagoner
        State Bar No. 24079530
        Federal I.D. No. 1339971
        nick@wagonerlawfirm.legal
        723 Main Street, Suite 306
        Houston, TX 77002
        Telephone: 832-953-4878
        Facsimile: 832-827-3265

        **LEAD ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and notice was electronically provided to the following CM/ECF system participants:

Kathryn C. Palamountain
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas 77002
Telephone: 713-225-2300
Facsimile: 713-225-2340
Email: cpalamountain@seyfarth.com
*LEAD COUNSEL FOR DEFENDANTS*

*[signature]*
Nicholas J. Wagoner
LEAD ATTORNEY FOR PLAINTIFFS