UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARC THOMPSON, BRANDON WHITE, JEFFERY GRUBBS, DESMOND POLLARD, DEVON BARNES, BYRON COLLINS, ROBERT ROSS, IMMANUEL EDENS, ALEX DAVIS, COREY WELLS, DARIAN EVERETTE, DAMIEN MATHIS, and CHARLES FORTUNE, | § § § § § § § § § | Judge Melinda Harmon

Magistrate Judge Frances H. Stacy

CIVIL ACTION NO. 4:15-cv-02464 |
| Plaintiffs, | § § | |
| v. | § § | |
| CAPSTONE LOGISTICS, LLC and LMS INTELLIBOUND, LLC, | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendants CAPSTONE LOGISTICS, LLC and LMS INTELLIBOUND, LLC

("Defendants"), by and through their attorneys, Seyfarth Shaw, LLP, hereby submit their Answer

to Plaintiffs' Second Amended Complaint and state as follows:

**PARTIES**

**Plaintiffs**

**COMPLAINT ¶1:**

Plaintiff Marc Thompson is an individual residing in Harris County, Texas. He filed his
consent to be a party to this action on August 25, 2015. See ECF No. 2-1. Defendants have
employed Mr. Thompson since on or around December 11, 2013.

**ANSWER:**

Defendants admit that Defendant Capstone Logistics, LLC ("Capstone") employed

Plaintiff Thompson beginning on December 16, 2013 and that he filed a consent to be a party to

this action on August 25, 2015. Defendants deny that they employed Plaintiff Thompson from

December 11, 2013 to December 15, 2013. Defendants lack sufficient information to form a

belief as to the remaining allegations in Paragraph 1 and therefore deny the same.

**COMPLAINT ¶2:**

Plaintiff Brandon White is an individual residing in Brazoria County, Texas.  He filed his consent to be a party to this August 25, 2015.  See ECF No. 2-2.  Defendants have employed Mr. White since on or around September 4, 2007.

**ANSWER:**

Defendants admit that they employed Plaintiff White beginning on September 4, 2007

and that he filed a consent to be a party to this action on August 25, 2015. Defendants lack

sufficient information to form a belief as to the remaining allegations in Paragraph 2 and

therefore deny the same.

**COMPLAINT ¶3:**

Plaintiff Jeffery Grubbs is an individual residing in Brazoria County, Texas.  He filed his consent to be a party to this action on August 25, 2015.  See ECF No. 2-3.  Defendants have employed Mr. Grubbs since on or around August 14, 2011.

**ANSWER:**

Defendants admit that they employed Plaintiff Grubbs beginning on August 14, 2011 and

that he filed a consent to be a party to this action on August 25, 2015. Defendants lack sufficient

information to form a belief as to the remaining allegations in Paragraph 3 and therefore deny the

same.

**COMPLAINT ¶4:**

Plaintiff Desmond Pollard is an individual residing in Fort Bend County, Texas.  He filed his consent to be a party to this action on August 25, 2015.  See ECF No. 2-4.  Defendants employed Mr. Pollard from on or around January 27, 2006 through on or around February 6, 2015.

**ANSWER:**

Defendants admit that they employed Plaintiff Pollard from January 29, 2007 through

January 24, 2015 and that he filed a consent to be a party to this action on August 25, 2015.

Defendants deny that they employed Plaintiff Pollard from January 27, 2006 to January 28, 2007, and further deny that they employed Plaintiff Pollard from January 25, 2015 to February 5, 2015. Defendants lack sufficient information to form a belief as to the remaining allegations in Paragraph 4 and therefore deny the same.

**COMPLAINT ¶5:**

Plaintiff DeVon Barnes is an individual residing in Harris County, Texas.  He filed his consent to be a party to this action on August 25, 2015.  See ECF No. 2-5.  Defendants employed Mr. Barnes from June 1, 2013 through late December of 2013, and again from April of 2014 through December 16, 2014.

**ANSWER:**

Defendants admit that Capstone employed Plaintiff Barnes from March 18, 2014 through December 29, 2014 and that he filed a consent to be a party to this action on August 25, 2015. Defendants deny that they employed Plaintiff Barnes from June 1, 2013 through late December 2013.  Defendants lack sufficient information to form a belief as to the remaining allegations in Paragraph 5 and therefore deny the same.

**COMPLAINT ¶6:**

Plaintiff Byron Collins is an individual residing in Harris County, Texas.  He filed his consent to be a party to this action on August 25, 2015.  See ECF No. 2-6.  Defendants employed Mr. Collins from on or around November 11, 2013 through on or around July 13, 2015.

**ANSWER:**

Defendants admit that Capstone employed Plaintiff Collins from November 7, 2013 through July 15, 2015 and that he filed a consent to be a party to this action on August 25, 2015. Defendants lack sufficient information to form a belief as to the remaining allegations in Paragraph 6 and therefore deny the same.

**COMPLAINT ¶7:**

Plaintiff Robert Ross is an individual residing in Harris County, Texas.  He filed his consent to be a party to this action on August 25, 2015.  See ECF No. 2-7.  Defendants have employed Mr. Ross since on or around February 3, 2014.

**ANSWER:**

Defendants admit that Capstone employed Plaintiff Robert Ross beginning on February 11, 2014 and that he filed a consent to be a party to this action on August 25, 2015. Defendants deny that they employed Plaintiff Robert Ross prior to February 11, 2014. Defendants lack sufficient information to form a belief as to the remaining allegations in Paragraph 7 and therefore deny the same.

**COMPLAINT ¶8:**

Plaintiff Immanuel Edens is an individual residing in Harris County, Texas.  He filed his consent to be a party to this action on August 25, 2015.  See ECF No. 2-8.  Defendants have employed Mr. Edens since on or around December 15, 2014.

**ANSWER:**

Defendants admit that Capstone employed Plaintiff Edens from December 11, 2014 through March 3, 2016 and that he filed a consent to be a party to this action on August 25, 2015. Defendants deny that they employed Plaintiff Edens after March 3, 2016. Defendants lack sufficient information to form a belief as to the remaining allegations in Paragraph 8 and therefore deny the same.

**COMPLAINT ¶9:**

Plaintiff Alex Davis is an individual residing in Harris County, Texas.  He filed his consent to be a party to this action on August 25, 2015.  See ECF No. 2-9.  Defendants have employed Mr. Davis since on or around November 19, 2013.

**ANSWER:**

Defendants admit that Capstone employed Plaintiff Davis beginning on November 14, 2013 and that he filed a consent to be a party to this action on August 25, 2015. Defendants lack sufficient information to form a belief as to the remaining allegations in Paragraph 9 and therefore deny the same.

28767431v.1

**COMPLAINT ¶10:**

      Plaintiff Corey Wells is an individual residing in Brazoria County, Texas.  He filed his consent to be a party to this action on August 25, 2015.  See ECF No. 2-10.  Defendants have employed Mr. Wells since on or around June 13, 2013.

**ANSWER:**

      Defendants admit that Capstone employed Plaintiff Wells since July 1, 2013 and that he filed a consent to be a party to this action on August 25, 2015. Defendants deny that they employed Plaintiff Wells prior to July 1, 2013. Defendants lack sufficient information to form a belief as to the remaining allegations in Paragraph 10 and therefore deny the same.

**COMPLAINT ¶11:**

      Plaintiff Darrian Everette is an individual residing in Harris County, Texas.  He filed his consent to be a party to this action on August 25, 2015.  See ECF No. 2-11.  Defendants employed Mr. Everette from on or around February 8, 2015 through on or around June 17, 2015.

**ANSWER:**

      Defendants admit that Capstone employed Plaintiff Everette from April 9, 2015 through July 15, 2015 and that he filed a consent to be a party to this action on August 25, 2015. Defendants deny that they employed Plaintiff Everette prior to April 9, 2015. Defendants lack sufficient information to form a belief as to the remaining allegations in Paragraph 11 and therefore deny the same.

**COMPLAINT ¶12:**

      Plaintiff Damien Mathis is an individual residing in Harris County, Texas.  He filed his consent to be a party to this action on September 28, 2015.  See ECF No. 9-1.  Defendants employed Mr. Mathis from on or around November 12, 2014 through on or around May 19, 2015, and again from on or around August 24, 2015 through the present.

**ANSWER:**

      Defendants admit that Capstone employed Plaintiff Mathis from December 3, 2014 through February 9, 2016 and that he filed a consent to be a party to this action on September 28, 2015. Defendants deny that they employed Plaintiff Mathis prior to December 3, 2014, and

5

further deny that they employed Plaintiff Mathis after February 9, 2016. Defendants lack

sufficient information to form a belief as to the remaining allegations in Paragraph 12 and

therefore deny the same.

## COMPLAINT ¶13:

Plaintiff Charles Fortune is an individual residing in Harris County, Texas.  He filed his
consent to be a party to this action on September 28, 2015.  See ECF No. 9-2.  Defendants
employed Mr. Fortune from on or around September 2, 2014 through on or around August 27,
2015, and again from on or around September 27, 2015 through the present.

## ANSWER:

Defendants admit that Capstone employed Plaintiff Fortune from August 22, 2014

through July 29, 2015, and again from September 27, 2015 through November 5, 2015, and that

he filed a consent to be a party to this action on September 28, 2015. Defendants deny that they

employed Plaintiff Fortune from July 30, 2015 through August 27, 2015, and further deny that

they employed Plaintiff Fortune after November 5, 2015. Defendants lack sufficient information

to form a belief as to the remaining allegations in Paragraph 13 and therefore deny the same.

## COMPLAINT ¶14:

Plaintiff Johnny Ross is an individual residing in Harris County, Texas.  He filed his
consent to be a party to this action on January 15, 2016.  See ECF No. 34-3.  Defendants
employed Mr. Ross from on or around May 1, 2014 to on or around July 1, 2014.

## ANSWER:

Defendants admit that Capstone employed Plaintiff Johnny Ross from May 6, 2014 to

May 27, 2014 and that he filed a consent to be a party to this action on January 15, 2016.

Defendants deny that Capstone employed Plaintiff Johnny Ross before May 6, 2014, and further

deny that they employed Plaintiff Johnny Ross after May 27, 2014. Defendants lack sufficient

information to form a belief as to the remaining allegations in Paragraph 14 and therefore deny

the same.

28767431v.1

**COMPLAINT ¶15:**

Plaintiff Lawrence James is an individual residing in Tarrant County, Texas.  He filed his consent to be a party to this action on March 29, 2016.  He filed his consent to be a party to this action on March 29, 2016.  See ECF No. 43-2.  Defendants employed Mr. James from on or around October 26, 2012 to on or around January 15, 2015.

**ANSWER:**

Defendants admit that Capstone employed Plaintiff James from October 10, 2013 to  June 20, 2014 and that he filed a consent to be a party to this action on March 29, 2016. Defendants deny that they employed Plaintiff James prior to October 10, 2013, and further deny that they employed Plaintiff James after June 20, 2014. Defendants lack sufficient information to form a belief as to the remaining allegations in Paragraph 15 and therefore deny the same.

**COMPLAINT ¶16:**

Plaintiff Brandon Norman is an individual residing in Harris County, Texas.  He filed his consent to be a party to this action on March 29, 2016.  He filed his consent to be a party to this action on March 29, 2016.  See ECF No. 43-4.  Defendants employed Mr. Norman from on or around October 1, 2014 to on our around October 15, 2014.

**ANSWER:**

Defendants admit that Capstone employed Plaintiff Norman from June 4, 2015 to June 18, 2015 and that he filed a consent to be a party to this action on March 29, 2016. Defendants deny that Capstone employed Plaintiff Norman from on or around October 1, 2014 to on our around October 15, 2014. Defendants lack sufficient information to form a belief as to the remaining allegations in Paragraph 16 and therefore deny the same.

**COMPLAINT ¶17:**

Within the period of time material hereto, each Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

**ANSWER:**

Defendants admit that Capstone employed each Plaintiff, but deny the remaining allegations in Paragraph 17.

**COMPLAINT ¶18:**

Within the period of time material hereto, each Plaintiff was "engaged in commerce" within the meaning of 29 U.S.C. §§ 206 and 207 by virtue of the fact that they each regularly and customarily received/unloaded interstate shipments on behalf of Defendants and Defendants' clients as part of their employment with Defendants, throughout the period of their employment.

**ANSWER:**

Defendants admit that each Plaintiff was engaged in commerce under the FLSA, but deny the remaining allegations in Paragraph 18.

**COMPLAINT ¶19:**

Within the period of time material hereto, each Plaintiff was "employees" of Defendants within the meaning of the FLSA.

**ANSWER:**

Defendants admit that Capstone employed each Plaintiff as defined by the FLSA, but deny the remaining allegations in Paragraph 19.

**COMPLAINT ¶20:**

Within the period of time material hereto, Plaintiffs were "engaged in commerce" and subject to individual coverage of the FLSA.

**ANSWER:**

Defendants admit that each Plaintiff was engaged in commerce under the FLSA, but deny the remaining allegations in Paragraph 20.

**COMPLAINT ¶21:**

Within the period of time material hereto, Plaintiffs were engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

**ANSWER:**

Defendants admit that each Plaintiff was engaged in the production of goods for commerce under the FLSA, but deny the remaining allegations in Paragraph 21.

**COMPLAINT ¶22:**

Within the period of time material hereto, each Plaintiff performed work for Defendants' business that was directly essential to Defendants' business.

**ANSWER:**

Defendants admit that they employed Plaintiffs and that Plaintiffs provided services to

Defendants, but deny the remaining allegations in Paragraph 22.

**COMPLAINT ¶23:**

Defendant Capstone is a foreign limited liability company, whose corporate headquarters is located at 6525 The Corners Pkwy., Suite 520, Norcross, GA 30092.  Capstone can be served by serving its registered agent, Jason Porter, at 17214 Pentland Court, Richmond, Texas 77407-1726.

**ANSWER:**

Defendants admit that Capstone is a foreign limited liability company, whose corporate

headquarters is located at 6525 The Corners Pkwy., Suite 520, Norcross, GA 30092, and that

Capstone's registered agent in Texas is Jason R. Porter.  Defendants deny the remaining

allegations in Paragraph 23.

**COMPLAINT ¶24:**

Defendant LMS is a Georgia limited liability company whose corporate headquarters is located at 6525 The Corners Pkwy., Suite 520, Norcross, Georgia 30092.  LMS can be served by serving its registered agent, National Corporate Research, Ltd., 800 Brazos, Suite 400, Austin, Texas 78701.

**ANSWER:**

Defendants admit that LMS is a foreign limited liability company, whose corporate

headquarters is located at 6525 The Corners Pkwy., Suite 520, Norcross, GA 30092, and that

Capstone's registered agent in Texas is National Corporate Research, Ltd.  Defendants deny the

remaining allegations in Paragraph 24.

**COMPLAINT ¶25:**

At all times material hereto, each Defendant was an "employer" of Plaintiffs within the meaning of the FLSA.

**ANSWER:**

Defendants admit that Capstone employed each Plaintiff, but deny the remaining

allegations in Paragraph 25.

**COMPLAINT ¶26:**

At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA by virtue of the nature of their business (receiving/unloading interstate shipments of goods and materials) and their simultaneous operation within multiple states.

**ANSWER:**

Defendants admit that each Defendant was engaged in commerce under the FLSA, but

deny the remaining allegations in Paragraph 26.

**COMPLAINT ¶27:**

At all times material hereto, Defendants were, and continue to be, an enterprise engaged in in the "production of goods for commerce" within the meaning of the FLSA.

**ANSWER:**

Defendants admit that each Defendant produced goods for commerce under the FLSA,

but deny the remaining allegations in Paragraph 27.

**COMPLAINT ¶28:**

Based upon information and belief, the annual gross revenue of Defendants was, and continues to be, in excess of $500,000 per annum for all relevant time periods.

**ANSWER:**

Defendants admit that each Defendant has had annual gross revenues in excess of

$500,000, but deny the remaining allegations in Paragraph 28.

**COMPLAINT ¶29:**

At all times material hereto, Defendants had more than two employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce. Specifically, Defendants had employees who regularly handled and unloaded items including produce, canned goods, dog food, baked goods, garden tools, household products, and cleaning products that had previously travelled through interstate commerce.

**ANSWER:**

Defendants admit that each Defendant had more than two employees working on goods

or materials moved in or produced for commerce, but deny the remaining allegations in

Paragraph 29.

## JURISDICTION & VENUE

**COMPLAINT ¶30:**

This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

**ANSWER:**

Defendants admit the allegations in Paragraph 30.

**COMPLAINT ¶31:**

Venue of this action is proper in this District because the events giving rise to the causes of action alleged herein occurred in this District and Defendants maintain one or more offices in this district.  Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

**ANSWER:**

Defendants admit that venue is proper in this judicial district under 28 U.S.C. § 1391, but

deny the remaining allegations in Paragraph 31.

**COMPLAINT ¶32:**

Defendants carry on substantial business in the Southern District of Texas and have sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

**ANSWER:**

Defendants admit that they carried on business in the Southern District of Texas and have

sufficient minimum contacts with the state of Texas to be subject to this Court's jurisdiction, but

deny the remaining allegations in Paragraph 32.

28767431v.1

## FACTUAL ALLEGATIONS

**COMPLAINT ¶33:**

Defendants are third-party warehouse servicers that provide a full range of logistical services to companies in warehouse, distribution, and manufacturing industries.

**ANSWER:**

Defendants admit the allegations in Paragraph 33.

**COMPLAINT ¶34:**

Defendants operate approximately 240 locations across the nation.  At all times material hereto, Defendants were, and continue to be, a third-party warehouse logistics provider, primarily engaged in providing freight handlers, receiving clerks, and account managers for its clients' warehouse and/or trucking companies throughout the United States.

**ANSWER:**

Defendants deny the allegations in Paragraph 34.

**COMPLAINT ¶35:**

Plaintiffs are employed as nonexempt "unloaders" or "lumpers" (hereinafter referred to as unloaders).  The unloaders who Defendants employ perform manual labor by unloading trucks engaged in the distribution of goods and products.

**ANSWER:**

Defendants admit that some Plaintiffs are or were employed as unloaders and that some

unloaders perform manual labor unloading trucks engaged in the distribution of goods and

products, but deny the remaining allegations in Paragraph 35.

**COMPLAINT ¶36:**

The unloaders' primary job duty is to receive and unload Defendants' clients' trucks, and break down pallets.  This duty consists of manual labor.

**ANSWER:**

Defendants deny the allegations in Paragraph 36.

**COMPLAINT ¶37:**

For the work Plaintiffs performed as unloaders, Plaintiffs have been paid on a commission basis (referred to in the industry as a "production pay"), determined by the number and weight of the trucks unloaded.

**ANSWER:**

Defendants admit that for the work performed as unloaders, Plaintiffs have been paid, at least in part, on a production basis. Defendants deny the remaining allegations in Paragraph 37.

**COMPLAINT ¶38:**

During times relevant to the claims set forth herein, each Plaintiff worked in excess of forty (40) hours within a workweek for which they were not compensated at the statutory minimum rate of one and one-half times their regular rate of pay.

**ANSWER:**

Defendants deny the allegations in Paragraph 38.

**COMPLAINT ¶39:**

Defendants did not accurately track and pay the Plaintiffs for this work on an hourly basis.

**ANSWER:**

Defendants deny the allegations in Paragraph 39.

**COMPLAINT ¶40:**

To the extent Defendants tracked Plaintiffs' hours, Defendants improperly failed to count time that Plaintiffs were on duty waiting to unload trucks or perform other tasks for Defendants.

**ANSWER:**

Defendants deny the allegations in Paragraph 40.

**COMPLAINT ¶41:**

Plaintiffs, when not unloading or servicing a truck, were required to remain on Defendants' premises or so close thereto that Plaintiffs could not use the time effectively for their own purposes.  The Plaintiffs were not compensated for this time.

**ANSWER:**

Defendants deny the allegations in Paragraph 41.

**COMPLAINT ¶42:**

Many times, Plaintiffs worked through lunch, but were not paid for the time they worked during what would have otherwise been their lunch period.

**ANSWER:**

Defendants deny the allegations in Paragraph 42.

**COMPLAINT ¶43:**

Thus, to the extent Defendants tracked hours and paid overtime, Defendants required Plaintiffs to work "off-the-clock" and did not compensate them for that time.

**ANSWER:**

Defendants deny the allegations in Paragraph 43.

**COMPLAINT ¶44:**

During their employment, Plaintiffs typically and routinely worked in excess of forty (40) hours per week for which they were not compensated at the statutory rate of one and one-half times their regular rate of pay.

**ANSWER:**

Defendants deny the allegations in Paragraph 44.

**COMPLAINT ¶45:**

Instead, Defendants systematically paid, and continue to pay, unloaders for substantially fewer hours than they actually worked.

**ANSWER:**

Defendants deny the allegations in Paragraph 45.

**COMPLAINT ¶46:**

Defendants designated certain unloaders as "team leads" and /or managers who systematically and consistently clocked-out unloaders for substantially fewer hours than they actually worked.

**ANSWER:**

Defendants deny the allegations in Paragraph 46.

**COMPLAINT ¶47:**

Defendants' managers received, and continue to receive, bonuses that are based in part on labor costs.

**ANSWER:**

Defendants deny the allegations in Paragraph 47.

**COMPLAINT ¶48:**

This off-the-clock work also resulted, and continues to result, in unloaders' wages falling beneath the statutory minimum wage in one or more workweeks.

**ANSWER:**

Defendants deny the allegations in Paragraph 48.

**COMPLAINT ¶49:**

At various material times throughout the duration of each Plaintiff's employment with Defendants as an unloader, Defendants failed to compensate them at a rate of one and one-half times each Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.  Each Plaintiff should have been compensated at the rate of one and one-half

**ANSWER:**

Defendants deny the allegations in Paragraph 49.

**COMPLAINT ¶50:**

At various material times throughout the duration of each Plaintiff's employment with Defendants as an unloader, Defendants have violated 29 U.S.C. §§ 206 and 207 in that

    a.    Plaintiffs worked in excess of forty (40) hours per week during one or more weeks of employment;

    b.    no payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiffs at the statutory rate of one and one-half times the regular rate for all those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

    c.    Defendants failed to pay Plaintiffs at least minimum wage in one or more workweeks in violation of the FLSA; and

    d.    Defendants have failed to maintain proper time records as mandated by the FLSA.

**ANSWER:**

Defendants deny the allegations in Paragraph 50.

**COMPLAINT ¶51:**

Plaintiffs have retained The Law Firm of Nicholas Wagoner PLLC to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services.

**ANSWER:**

Defendants admit that Plaintiffs appear to have retained The Law Firm of Nicholas Wagoner PLLC to represent them in this litigation. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 51, and therefore deny the same.

**COUNT 1:  VIOLATION OF 29 U.S.C. § 207**
**OVERTIME COMPENSATION**

**COMPLAINT ¶52:**

Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

**ANSWER:**

Defendants reassert their responses to each of the foregoing paragraphs as if fully set forth herein.

**COMPLAINT ¶53:**

Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

**ANSWER:**

Defendants deny the allegations in Paragraph 53.

**COMPLAINT ¶54:**

During the relevant period, Defendants violated the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

**ANSWER:**

Defendants deny the allegations in Paragraph 54.

16

28767431v.1

**COMPLAINT ¶55:**

At all times material hereto, Defendants failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

**ANSWER:**

Defendants deny the allegations in Paragraph 55.

**COMPLAINT ¶56:**

To date, Defendants continue to fail to pay Plaintiffs their FLSA mandated overtime pay.

**ANSWER:**

Defendants deny the allegations in Paragraph 56.

**COMPLAINT ¶57:**

Defendants' actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by their continued failure to compensate Plaintiffs at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours in a workweek when it knew, or should have known, such was, and is due.

**ANSWER:**

Defendants deny the allegations in Paragraph 57.

**COMPLAINT ¶58:**

Defendants have failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

**ANSWER:**

Defendants deny the allegations in Paragraph 58.

**COMPLAINT ¶59:**

Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered, and continue to suffer, damages and lost compensation for time worked over forty (40) hours in a workweek, plus liquidated damages.

**ANSWER:**

Defendants deny the allegations in Paragraph 59.

**COMPLAINT ¶60:**

Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

Defendants deny the allegations in Paragraph 60.

## COUNT 2:  VIOLATION OF 29 U.S.C. § 206
## MINIMUM WAGE

**COMPLAINT ¶61:**

Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

**ANSWER:**

Defendants reassert their responses to each of the foregoing paragraphs as if fully set

forth herein.

**COMPLAINT ¶62:**

Plaintiffs are entitled to be paid minimum wage for all weeks/hours worked during their employment with Defendants as unloaders.

**ANSWER:**

Defendants admit that Plaintiffs are entitled to be paid minimum wage for all hours

worked, but deny the remaining allegations in Paragraph 62.

**COMPLAINT ¶63:**

Defendants failed to pay Plaintiffs minimum wage for each week they worked for Defendant.

**ANSWER:**

Defendants deny the allegations in Paragraph 63.

**COMPLAINT ¶64:**

Plaintiffs have demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate them for same.  As a result of Defendants' actions in this regard, Plaintiffs have not been paid the minimum wage during one or more weeks of employment with Defendants.

18

**ANSWER:**

Defendants deny the allegations in Paragraph 64.

**COMPLAINT ¶65:**

Defendants had specific knowledge that they were paying sub-minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

**ANSWER:**

Defendants deny the allegations in Paragraph 65.

**COMPLAINT ¶66:**

As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

**ANSWER:**

Defendants deny the allegations in Paragraph 66.

## COUNT 3: DECLARATORY RELIEF

**COMPLAINT ¶67:**

Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

**ANSWER:**

Defendants reassert their responses to each of the foregoing paragraphs as if fully set

forth herein.

**COMPLAINT ¶68:**

This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act (DJA), codified at 28 U.S.C. §§ 2201–2202.

**ANSWER:**

Defendants admit that the Court has the authority alleged pursuant to the statutes alleged,

but deny that declaratory relief is appropriate in this case and deny the remaining allegations in

Paragraph 68.

**COMPLAINT ¶69:**

Plaintiffs may obtain declaratory relief.

**ANSWER:**

Defendants deny the allegations in Paragraph 69.

**COMPLAINT ¶70:**

Defendants employ/employed each Plaintiff to this suit.

**ANSWER:**

Defendants admit that Capstone employed all Plaintiffs, but deny the remaining

allegations in Paragraph 70.

**COMPLAINT ¶71:**

Defendants are an enterprise.

**ANSWER:**

Defendants admit that Capstone is an enterprise as defined by the FLSA, but deny the

remaining allegations in Paragraph 71.

**COMPLAINT ¶72:**

Each Plaintiff is individually covered by the FLSA.

**ANSWER:**

Defendants admit the allegations in Paragraph 72.

**COMPLAINT ¶73:**

Each Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. § 207(a)(1).

**ANSWER:**

Defendants deny the allegations in Paragraph 73.

**COMPLAINT ¶74:**

Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29
C.F.R. § 516.

**ANSWER:**

Defendants deny the allegations in Paragraph 74.

**COMPLAINT ¶75:**

Defendants cannot rely on a good-faith defense in their failure to abide by the provisions of the FLSA.

**ANSWER:**

Defendants deny the allegations in Paragraph 75.

**COMPLAINT ¶76:**

Each Plaintiff is entitled to an equal amount of liquidated damages.

**ANSWER:**

Defendants deny the allegations in Paragraph 76.

**COMPLAINT ¶77:**

It is in the public interest to have these declarations of rights recorded.

**ANSWER:**

Defendants deny the allegations in Paragraph 77.

**COMPLAINT ¶78:**

Each Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

**ANSWER:**

Defendants deny the allegations in Paragraph 78.

**COMPLAINT ¶79:**

The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

**ANSWER:**

Defendants deny the allegations in Paragraph 79.

## JURY DEMAND

**COMPLAINT ¶80:**

Plaintiffs demand a trial by jury.

**ANSWER:**

Defendants admit the allegations in Paragraph 80. Defendants also demand a trial by jury.

## PRAYER FOR RELIEF

**COMPLAINT ¶81:**

Wherefore, Plaintiffs respectfully request that the Court enter judgment in their favor against Defendants:

a.      awarding each Plaintiff minimum wage compensation in the amount due to them for workweeks worked as an unloader for which he was not compensated at a rate equivalent to the minimum wage;

b.      awarding each Plaintiff overtime compensation in the amount due to him for his time worked in excess of forty (40) hours per workweek while employed by Defendants as an unloader;

c.      awarding each Plaintiff liquidated damages in an amount equal to the minimum wage and/or overtime award;

d.      awarding each Plaintiff pre-judgment and/or post-judgment interest;

e.      declaring, pursuant to 29 U.S.C. §§ 2201 & 2202, that: (a) the acts and practices complained of herein violate the FLSA's overtime- and/or minimum-wage provisions; (b) Defendants failed to keep accurate time records as required by the FLSA; (c) Defendants have a legal duty under the FLSA to pay Plaintiff overtime and/or minimum wages; (d) Defendants failed to prove a good faith defense; and (e) each Plaintiff is entitled to overtime wages, minimum wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

f.      awarding costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

g.      ordering any and all further relief the Court deems just and proper.

**ANSWER:**

Defendants are not required to answer Plaintiffs' prayer for relief, but deny that Plaintiffs are entitled to any relief whatsoever.

28767431v.1

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Rule 8, Defendants assert the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiffs. Defendants reserve the right to amend their answer and to assert any additional defenses and affirmative defenses as may become available or apparent during the course of this litigation.

### FIRST DEFENSE

Defendants acted in good faith and had reasonable grounds for believing that they acted properly in their pay practices with respect to Plaintiffs.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

### THIRD DEFENSE

Plaintiffs' claims are barred to the extent they claim that they are owed compensation for hours worked that they had an opportunity to report but failed to do so.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under the FLSA.

### FIFTH DEFENSE

Plaintiffs' claims for liquidated damages, penalties, multiplication of damages, or extension of any statute of limitations period are foreclosed by virtue of Defendants' good-faith conduct and efforts to comply with applicable law.

### SIXTH DEFENSE

Part or all of any time for which Plaintiffs allege they should be compensated is properly deemed preliminary or postliminary time under the Portal-to-Portal Pay Act, 29 U.S.C. § 254(a)and is therefore not compensable.

**SEVENTH DEFENSE**

To the extent that Plaintiffs have sustained any damages, although such is specifically denied, Defendants are entitled to an offset for all obligations of Plaintiffs for any payments Plaintiffs received for hours they did not work and/or for other compensation Plaintiffs received to which they were not entitled.

**EIGHTH DEFENSE**

Some or all of Plaintiffs' claims fail because one or more Defendants did not employ them, and was not their employer, during all or part of the time period relevant to this lawsuit.

**NINTH DEFENSE**

Plaintiffs' claims are barred to the extent that recovery from Defendants would result in the unjust enrichment of Plaintiffs.

**TENTH DEFENSE**

Plaintiffs' claims are barred by the *de minimis* doctrine to the extent they seek compensation for infrequent periods of time and/or insignificant periods of time beyond regular or scheduled working hours.

**ELEVENTH DEFENSE**

Even if Plaintiffs were not paid for all activities performed while employed by any Defendant, such activities do not constitute compensable work under applicable law, and/or such activities were not an integral and indispensable part of their principal activities of employment and are not compensable.

**TWELFTH DEFENSE**

The claims of Plaintiffs are barred, in whole or in part, by the doctrines of res judicata or collateral estoppel

WHEREFORE, Defendants deny that Plaintiffs are entitled to any relief and request that Plaintiffs' Complaint be dismissed in its entirety with prejudice, that judgment be entered in Defendants' favor and that Defendants be awarded their costs, attorneys' fees, and such other relief as this Court deems appropriate

DATED:  September 19, 2016                    Respectfully submitted,

By:    */s/ Gerald L. Maatman, Jr.*

Gerald L. Maatman, Jr.
S.D. of Texas Federal ID No. 322576
(gmaatman@seyfarth.com)
Jennifer A. Riley
S.D. of Texas Federal ID No. 2727100
(jriley@seyfarth.com)
Christopher M. Cascino
S.D. of Texas Federal ID No. 2727104
(ccasino@seyfarth.com)
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603
Phone:     312-460-5000
Fax:        312-460-7000

Kathryn C. Palamountain
(cpalamountain@seyfarth.com)
State Bar No. 24061004
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, TX 77002
Phone:     713-225-2300
Fax:        713-225-2340

*Attorneys For Defendants*

28767431v.1

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned, an attorney, certifies that on this 19th day of September 2016, I electronically filed the foregoing **Defendant LMS Intellibound LLC's Answer to Plaintiffs' Second Amended Complaint** with the clerk of the court using the CM/ECF system, which will send notification of such filing to the following:

> Nicholas J. Wagoner
> Wagoner Law Firm
> 1004 Congress St., Ste. 300
> Houston, TX 77002
> nick@wagonerlawfirm.legal
>
> Galvin B. Kennedy
> Kennedy Hodges LLP
> 4409 Montrose Blvd., Ste 200
> Houston, TX 77006
> Email: gkennedy@kennedyhodges.com
>
> Udyogi Apeksha Hangawatte
> Kennedy Hodges LLP
> 4409 Montrose Blvd., Ste 200
> Houston, TX 77006
> Email: uhangawatte@kennedyhodges.com

*/s/  Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.

28767431v.1