UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Marc Thompson, et al., § | |
|     *Plaintiffs*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:15-cv-02464 |
| § | |
| Capstone Logistics, LLC, et al., § | |
|     *Defendants*. § | |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Marc Thompson, DeVon Barnes, Byron Collins, Alex Davis, Immanuel Edens, Darrion Everette, Charles Fortune, Jeffery Grubbs, Lawrence James, Desmond Pollard, Johnny Ross, Robert Ross, Brandon White, Damien Mathis, Brandon Norman, and Corey Wells file the following Motion for Leave to File a Reply to Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment (ECF No. 187):[1]

#### PROCEDURAL HISTORY

This is a wage and hour lawsuit. Defendants employed Plaintiffs as "lumpers" at grocery supply warehouses where they unloaded pallets of groceries from trucks. Plaintiffs seek to recover unpaid wages that Defendants owe them under the Fair Labor Standards Act (FLSA). In January of 2017, Capstone filed a Motion for Partial Summary Judgment in which it asked the Court to enter judgment as a matter of law in its favor on the applicable

---

[1] Plaintiffs will refer to the Defendants collectively as "Capstone."

method for calculating Plaintiffs' regular and overtime rates under the FLSA. *See* ECF No. 114.[2]

In early February of 2017, the Court reopened discovery until the end of April and pushed the dispositive-motions deadline back to May 19, 2017. ECF No. 120. On February 10, 2017, Plaintiffs filed their Response in opposition to Capstone's First Motion for Summary Judgment and a Cross-Motion for Partial Summary Judgment on the same issue. ECF No. 130. The Parties' initial round of Cross-Motions for Summary Judgment are currently pending before the Court.[3]

In May of 2017, Capstone filed a second Motion for Summary Judgment (ECF No. 170), and Plaintiffs filed a second Motion for Partial Summary Judgment (ECF No. 173). That same day, Capstone filed a Motion to Sever (ECF No. 168) to which Plaintiffs later responded (ECF No. 192). The Parties' second round of cross-Motions for Summary Judgment are currently pending.

On June 30, 2017, Plaintiffs filed their Response in opposition to Capstone's second Motion for Summary Judgment. ECF No. 193. That same day, Capstone filed a Response in Opposition to Plaintiffs' Motion for Partial Summary Judgment. ECF No. 187. Capstone also filed a lengthy Motion/Memorandum to Strike thousands of pages of evidence that Plaintiffs offered in support of their Motions, and in opposition to Defendants' Motions

---

[2] Capstone also filed a Motion for Partial Summary Judgment on the issue of liability, but later withdrew it. ECF Nos. 112, 129.

[3] Plaintiffs also filed a Motion to Set Aside Magistrate Judge's Discovery Order, which is currently pending before the Court. ECF No. 163 (seeking to set aside ECF No. 160). In that Motion, Plaintiffs have requested, among other things, an order compelling Defendants to present corporate representatives for deposition for the reasons set forth in Plaintiffs' Second Motion to Compel Depositions. *See* ECF Nos. 118, 163.

(ECF No. 189). Plaintiffs filed their Response in Opposition to Defendants' Motion to Strike their Summary Judgment Evidence on August 4, 2017 (ECF No. 199). Capstone's Motion to Strike is currently pending.

## ARGUMENTS AND AUTHORITY

Neither Rule 56 nor the Local Rules explicitly address a Parties' right to file a Reply on summary judgment. This Court's Procedures also do not address this topic. Plaintiffs therefore respectfully request leave to file a Reply to Capstone's arguments for summary judgment in its favor and against summary judgment in Plaintiffs' favor set forth in its June 30, 2017 Response (ECF No. 187) for the following reasons:

**A.   In Its June 30 Response, Capstone Argued, for the First Time, That Plaintiffs Have Failed to Show a Genuine Dispute Over the Knowledge Requirement**

"In order to recover under FLSA, Plaintiff[s] must prove that Defendant[s] had actual or constructive knowledge that [they were] working during the times for which [they were] not compensated. *Almeida v. Prof'l Janitorial Servs. of Hous., Inc.*, No. H-06-cv-02044, 2008 U.S. Dist. LEXIS 112697, at *10 (S.D. Tex. Oct. 15, 2008) (Ellison, J.).

Notably, neither of Capstone's pending Motions for Summary Judgment deny or even mention Plaintiffs' evidence that they frequently questioned, complained, and otherwise apprised it of work for which they were not paid. *See* Defs.' MSJ # 1 (ECF No. 115) (moving for partial summary judgment solely on the issue of the applicable method for calculating Plaintiffs' regular and overtime rates); Defs.' MSJ # 2 (ECF No. 171, at 13–32) (arguing only that Plaintiffs cannot offer evidence (1) establishing a genuine dispute over the accuracy of its time records or (2) permitting a just and reasonable estimate of the

amount and extent of their unpaid overtime work).

Instead, Capstone misused its June 30 Response as a vehicle for raising new arguments in support of its own Motion for Summary Judgment concerning the knowledge element of Plaintiffs' claims. For example, in its Response, Capstone does not merely argue that the record contains conflicting evidence on the issue of knowledge that precludes a summary judgment in Plaintiffs' favor. Rather, Capstone goes so far as to claim, for the first time in this case, that "Plaintiffs have not provided *any evidence* that any of the Plaintiffs . . . ever complained that their hours were incorrect." ECF No. 187, at 49 (emphasis added); *see also id.* at 49 ("Because Plaintiffs have not demonstrated that Capstone knew about purported uncompensated work, the Court should deny their motion for summary judgment and enter judgment in favor of Capstone."). This statement is demonstrably false. The record contains a substantial amount of evidence that each Plaintiff did in fact complain, inquire, and/or otherwise inform Capstone about its failure to accurately or adequately record or compensate their overtime work. Although Plaintiffs referenced *some* of their evidence on this issue in their earlier summary judgment briefs (*see* ECF Nos. 130, 173, 193), given Capstone's outright denial of this fact on June 30, Plaintiffs feel compelled direct the Court's attention to the full extent of the evidence establishing this fact beyond genuine dispute.

In its June 30 Response, Capstone also unfairly accuses Plaintiffs of "misrepresent[ing site manager Bill] Wood's testimony" regarding his knowledge of certain Plaintiffs' true hours worked and suspicious time entries. *Id.* at 46–47; *see also id.* at 47–48 (denying that Mr. Wood admitted during his deposition that he noticed

4

"suspicious entries" in Defendants time records but failed to investigate or correct them). Capstone's accusations that Plaintiffs have mischaracterized Bill Wood's testimony establishing his knowledge of unpaid overtime work are unwarranted. Plaintiffs request an opportunity to direct the Court's attention to additional evidence confirming that Mr. Wood was in fact aware, or should have been aware, that Plaintiffs performed unrecorded overtime work for which they were not paid. Likewise, Capstone's claim that "only Plaintiff Collins was assigned to the perishable dock, making this set of alleged suspicious entries wholly irrelevant to the rest of Plaintiffs' claims" is demonstrably false. *Id.* at 48. Plaintiffs request an opportunity to direct the Court's attention to the record evidence showing that Mr. Collins was not in fact the only Plaintiff who worked on the perishable dock.

**B.      Plaintiffs Further Request Leave to File a Reply to the Other Arguments in Capstone's June 30 Response**

In addition to responding to Capstone's new knowledge arguments discussed above, Plaintiffs also seek leave to respond to the other arguments in Capstone's June 30 Response for a variety of reasons. For example, Capstone's assertion that "The Court Already Has Ruled On The Computation of Pay and Overtime As A Matter Of Law" mischaracterizes this Court's purely procedural ruling on its successive Rule 12 Motions. ECF No. 187, at 50. Plaintiffs wish to present their arguments and legal authority for why, notwithstanding the footnotes addressing piece rates in its pre-answer Opinions, the Court can and should consider their evidence and arguments regarding Capstone's improper calculation of their regular and overtime rates. Moreover, Plaintiffs wish respond to Capstone's related

argument that they failed to adequately plead Capstone's violation of the FLSA in this respect. *Id.* at 52–53.

### **PRAYER**

For the foregoing reasons, Plaintiffs respectfully request that the Court (1) grant this Motion, (2) enter the accompanying proposed order consistent with same, and (3) grant Plaintiffs any and all other relief to which they may be justly entitled.

Respectfully submitted,

WAGONER LAW FIRM

*/s/ Nick Wagoner*

Nicholas J. Wagoner
Texas State Bar No. 24079530
Federal I.D. No. 1339971
nick@wagonerlawfirm.legal

2855 Mangum Road, Suite 534
Houston, Texas 77092
Telephone: 832-953-4878
Facsimile: 832-827-3265

Galvin B. Kennedy
Texas State Bar No. 00796765
Federal I.D. No. 20460
gkennedy@kennedyhodges.com

KENNEDY HODGES L.L.P.
4409 Montrose Blvd., Suite 200
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

**COUNSEL FOR PLAINTIFFS**

7

## CERTIFICATE OF CONFERENCE

In compliance with the local rules, I hereby certify that, on August 7, 2017, I unsuccessfully attempted to confer with counsel for the Defendants, Chris Palamountain, by telephone about the relief sought in the foregoing document.

_____
Nicholas J. Wagoner
*COUNSEL FOR PLAINTIFFS*

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and notice was electronically provided to the following CM/ECF system participants:

Kathryn C. Palamountain
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas 77002
Telephone: 713-225-2300
Facsimile: 713-225-2340
Email: cpalamountain@seyfarth.com
*COUNSEL FOR DEFENDANTS*

_____
Nicholas J. Wagoner
*COUNSEL FOR PLAINTIFFS*

8